UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN and JANE ROE, | ) | CASE NO. 4:05CV635 |
| As Parents and Custodian of Johnny Roe, | ) | |
| a Minor, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| MAHONING COUNTY, OHIO, et al., | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

The above captioned case is before the undersigned on the motion of Plaintiffs John and Jane Roe, the parents and custodians of minor Johnny Roe (collectively "Plaintiffs"), for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). ECF Dkt. #48. For the following reasons, the Court DENIES Plaintiffs' motion for voluntary dismissal without prejudice.

**I.     PROCEDURAL HISTORY**

On February 25, 2005, Plaintiffs filed the instant action against Defendants Eva Burress ("Burress"), Rollen Smith ("Smith"), Austin Kennedy ("Kennedy") and Mahoning County, Ohio (collectively "Defendants"), alleging violations of 42 U.S.C. § 1983, negligence, loss of consortium and parental responsibility. ECF Dkt. #1. On April 19, 2005, the parties consented to the jurisdiction of the undersigned. ECF Dkt. #15. On May 12, 2005, Defendants filed

answers.  ECF Dkt. #s 26-27.  On August 15, 2005, Defendants filed a joint motion to consolidate this case with the related case, number 4:05CV1528.[1]  ECF Dkt. #29.  On September 6, 2005, the undersigned granted the motion and consolidated the cases.  ECF Dkt. #30.  On May 5, 2006, Defendants Mahoning County and Defendants Burress, Smith and Kennedy filed separate motions for summary judgment.  ECF Dkt. #40, 42.  On July 19, 2006, Plaintiffs filed the instant motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). ECF Dkt. #48.  On July 29, 2006, Defendants filed a joint memorandum in opposition to Plaintiffs' motion to dismiss.  ECF Dkt. #49.  On August 8, 2006, Plaintiffs filed a motion to strike or in the alternative, a motion in response to Defendants' motion in opposition.  ECF Dkt. #50.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(a)(2) provides in pertinent part, that " . . . an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . .Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."  Fed. R. Civ. P. 41(a)(2).  Whether a dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court.  *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974).

The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment.  *Grover*, 33 F.3d at 718; *see also Langley v.*

---

[1] Both cases name the same person as perpetrator and have substantially the same Defendants.  *See Roe v. Mahoning County, et al.*, 4:05CV1528 (N.D. Ohio 2005).  Both cases also have similar procedural histories.  *Id.*

*DaimlerChrysler Corp.*, 407 F. Supp. 2d 897, 905 (D. Ohio 2005) (denying a motion to dismiss where the defendant had conducted discovery and filed a motion for summary judgment and the Plaintiff gave no explanation for her request to dismiss).  It is an abuse of discretion to grant such a dismissal if defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit. *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 91 L. Ed. 849, 67 S. Ct. 752 (1947); *Grover,* 33 F.3d 716 at 718 (citing *Cone*).

In determining whether a defendant will suffer plain legal prejudice, a court should consider (1) the defendant's effort and expense of preparation for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation for the need to take a dismissal, and (4) whether a motion for summary judgment has been filed by the defendant.  *Grover*, 33 F.3d 716 at 718.  The Court will address each factor.

**III.    ANALYSIS**

Defendants argue that they have expended considerable time, money and effort in bringing this case to the present stage of litigation, Plaintiffs have failed to conduct discovery and the deadline has past, and Defendants have filed a motion for summary judgment to which Plaintiffs have failed to respond.  ECF Dkt. #49.  Plaintiffs for their part argue that Defendants can not show that they will suffer legal prejudice.  ECF Dkt. #50.

The first factor the Court should consider in determining if Defendants will suffer plain legal prejudice is Defendants' effort and expense in defending the action and preparing for trial. *See Grover*, 33 F.3d 716 at 718.  According to the docket, Defendants' counsel have appeared in person twice before the undersigned and also conducted one conference by telephone.  *See* ECF

Dkt. #s 20, 35.  Defendants have also filed answers to the complaint and noticed depositions. ECF Dkt. #s 26-27, 37.  Moreover, Defendant Mahoning County and Defendants Burress, Smith and Kennedy have filed motions for summary judgment.  ECF Dkt. #s 40, 42.  Along with those motions for summary judgment, Defendants appropriately filed a motion to seal all deposition transcripts and when that motion was granted, subsequently filed three depositions.  *See* ECF Dkt. #s 41, 43-46.  Thus, at this point, with discovery completed, dispositive motions pending and the final pretrial conference scheduled for September 25, 2006, in anticipation of trial beginning on October 10, 2006, the Court concludes that Defendants have expended significant effort and expense in preparing their case.  *See* ECF Dkt. #38.

Under the second factor, the Court should consider whether there was excessive delay and lack of diligence on the part of Plaintiff in prosecuting the action.  *See Grover*, 33 F.3d 716 at 718.  The Court notes that it has granted seven continuances during the pendency of this action.  *See Docket.*  Yet, the Docket reflects that Defendants have used their time to conduct discovery and prepare their motions for summary judgment.  It is unclear from the Docket what Plaintiffs have been doing with their time as they have not noticed any depositions nor have they responded to the motions for summary judgment.  Moreover, the Court had previously admonished Plaintiffs to comply with discovery requests including, returning discovery requests and scheduling depositions.  *See* ECF Dkt. #37.  To be sure, the instant motion for voluntary dismissal must have taken some time to prepare; however not nearly as much time as responding to the motions for summary judgment or preparing for trial should take.  Under this second factor, the undersigned concludes that Plaintiffs have been less than diligent in prosecuting their case.

4

The third factor the Court should consider in determining if Defendants will suffer plain legal prejudice is Plaintiffs explanation for the need for a dismissal. *See Grover*, 33 F.3d 716 at 718. In the initial request, Plaintiffs did not state any reason for making the request to dismiss this case without prejudice. *See* ECF Dkt. #48. In the subsequent reply, Plaintiffs asserted that a voluntary dismissal "would not unfairly affect either side"and maintained that "Defendants cannot show and will never be able to show the [sic] will be seriously prejudiced by a dismissal."[2] ECF Dkt. #50 at 2, 4. On the contrary, as both the discovery deadline and the dispositive motion deadline have passed, it is clear that allowing a dismissal at this stage of the litigation would subject Defendants to a renewed discovery period. Regardless, the Court concludes that Plaintiffs' self-serving assertions do not serve as an explanation, let alone a sufficient explanation, of Plaintiffs need for a dismissal.

The fourth factor the Court should consider is whether a motion for summary judgment has been filed. *Grover*, 33 F.3d 716 at 718. Defendant Mahoning County has filed a motion for summary judgment. ECF Dkt. #40. In its brief, it alleges that Mahoning County is in no way responsible for the facility at which the alleged incidents took place which form the basis of the law suit. *Id.* Also, Defendants Burress, Smith and Kennedy have filed a motion for summary judgment asserting that the depositions taken reveal that the alleged victim in this case was not afraid for his safety prior to the incident. *See* ECF Dkt. #42 at 5. Plaintiffs have thus far failed to respond to these arguments. *See Docket*. Accordingly, the undersigned finds this factor

---

[2] Plaintiffs' counsel also explains that he has been focused on his family's well being. *Id.* at 4. This bare statement does little in the way of explanation especially given that every continuance requested thus far has been granted. *See Docket*. But even if this were a sufficient explanation of Plaintiffs' need for a dismissal, the other factors weigh against granting Plaintiffs' request.

weighs against granting Plaintiffs' motion for voluntary dismissal.

Based on the foregoing discussion of these four factors, the Court concludes that Defendants will suffer plain legal prejudice if this case is dismissed without prejudice. Accordingly, the Court DENIES Plaintiffs' motion for voluntary dismissal.

### IV. CONCLUSION

Based upon the foregoing, the Court DENIES Plaintiffs' motion for voluntary dismissal. ECF Dkt. #48. Also, the Court DENIES Plaintiffs' motion to strike as MOOT. ECF Dkt. #50. Further, the Court GRANTS Plaintiffs a final leave to file briefs in opposition to the motions for summary judgment on or before August 21, 2006.

IT IS SO ORDERED.

SIGNED and ENTERED on this 10th day of August, 2006.

*/s/George J . Limbert*
GEORGE J. LIMBERT
United States Magistrate Judge